UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 04-10087-MBB |
| | ) |
| BOUCHARD TRANSPORTATION COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**FILED CLERKS OFFICE**
**2004 SEP 30 P 3: 29**
**DISTRICT COURT**
**DISTRICT OF MASS.**

## ASSENTED-TO MOTION TO EXTEND DEADLINE FOR BRIEFING IN SUPPORT OF THE PLEA AGREEMENT

The government hereby moves the Court to continue for two weeks the deadline by which the parties must submit briefing in support of the Plea Agreement, currently October 1, as well the date of the hearing on the same matter, currently October 7. As grounds therefore, the government states as follows:

1. At the originally-scheduled sentencing hearing in this matter on September 14, the Court raised concerns about whether the plea agreement was legally supported. Specifically, the Court questioned whether, under the so-called Alternative Fine Statute, 18 U.S.C. § 3571(d), the loss attributable to Count 2 of the Information, charging Bouchard with violating the Migratory Bird Treaty Act ("MBTA"), could support the $7 million fine that the parties attribute in their plea agreement to that count.

2. At the Court's invitation, the parties agreed to file briefs in support of the plea agreement and to consult with the U.S. Probation Office in determining the method by which loss ought to be calculated under the MBTA.

3. The government in fact has had extensive discussions with Probation about the plea agreement and how to calculate loss under the MBTA.

4. Although the government maintains that the plea agreement is legally supported in every respect, in an effort to facilitate a resolution that is in keeping with the plea agreement, the parties currently are exploring the possibility of having the government file a superceding information that charges Bouchard in a manner consistent with Probation's views about how loss ought to be calculated under the MBTA, and of entering into another plea agreement that is materially the same as the current one.

5. The parties' entering into an amended plea agreement based on a superceding information would obviate the need to file briefs in support of the current agreement. Accordingly, the government believes that having additional time to discuss the matter would be a more efficient use of the Court's resources, as well as its own. In the event that these discussions are not fruitful, the government will file, as originally planned, a brief in support of the current plea agreement.

6. The defendant does not object to this motion.

WHEREFORE, the government requests that the Court extend the date by which briefs in support of the plea agreement are to be filed to October 14, and the hearing on the matter to October 20.

Respectfully submitted,

Dated: September 30, 2004

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Jonathan F. Mitchell
Assistant U.S. Attorney

2

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Ronald J. Zdrojeski, Esq.
>LeBoeuf, Lamb, Greene & McRae, LLP
>225 Asylum Street, 13th Floor
>Hartford, CT 06103

This 30th day of September, 2004.

_____
JONATHAN F. MITCHELL
ASSISTANT UNITED STATES ATTORNEY