AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (10/01)

# United States District Court
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| BOUCHARD TRANSPORTATION CO. | Case Number: 1: 04CR10087-MBB |

Thomas Russo, Esq; Ronald Zdrojeski, Esq.
Defendant's Attorney

**THE DEFENDANT:**
[X] pleaded guilty to count(s): Counts 1 and 2 of a Superseding Information
[ ] pleaded nolo contendere to counts(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.
Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 33 USC 1319(c)(1) & 33 USC 1321(b)(3) | CLEAN WATER ACT; NEGLIGENT DISCHARGE OF POLLUTANT | 04/27/03 | 1s |
| 16 USC 703, 707(a) | MIGRATORY BIRD TREATY ACT | 04/27/03 | 2s |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[ ] Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: N/A

Defendant's Date of Birth: N/A

Defendant's USM No.: N/A

Defendant's Residence Address:
Hicksville, New York

Defendant's Mailing Address:
Same as above

11/18/04
Date of Imposition of Judgment

_Marianne B. Bowler USMJ_
Signature of Judicial Officer

The Honorable Marianne B. Bowler
Name and Title of Judicial Officer

U. S. Magistrate Judge

Date
January 5, 2005

AO 245B  Sheet 4 - Probation - D. Massachusetts (10/01)

CASE NUMBER:  1:04CR10087-MBB
DEFENDANT: BOUCHARD TRANSPORTATION CO.

Judgment - Page  2  of  7

## PROBATION

The defendant is hereby sentenced to probation for a term of    3    year(s)

[x] See continuation page

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

[X]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BOUCHARD TRANSPORTATION CO.
CASE NUMBER: 04-10087-MBB

Judgment—Page 3 of 7

# ADDITIONAL PROBATION TERMS

A. OPERATIONAL MEASURES

i. Buzzards Bay Pilotage Requirement: BTC shall hire a pilot for all trips (north or south) in which a tugboat owned or operated by BTC is traveling with a barge (hereinafter "BTC tugboat/barge unit") into Buzzards Bay, as defined as the body of water between the Cape Cod Canal and the Buzzards Bay Entrance Light [41-23-47.5 North and 71-02-00.6 West] (hereinafter "Buzzards Bay Entrance Light").

a. In the event a pilot can not board a north-bound tugboat/barge unit prior to the Buzzards Bay Entrance Light, the BTC tugboat/barge unit shall: (1) establish and maintain radio communications with a pilot; and (2) establish and maintain radar contact with a pilot prior to proceeding into Buzzards Bay, until a pilot can board the BTC tugboat at the New Bedford pilot station. If a BTC tugboat/barge unit is unable to comply with the conditions set forth in this subparagraph, it shall notify the Captain of the Port Providence prior to entering Buzzards Bay, as defined above. The requirements set forth in this subparagraph shall not apply to: (1) double hull barges; or (2) empty barges carrying only "clingage." Nothing in this subparagraph shall alter the existing authority of a captain of a BTC tugboat to operate that vessel.

b. In the event that a south-bound BTC tugboat/barge unit can not allow a pilot to disembark after the Buzzards Bay Entrance Light, the BTC tugboat/barge unit shall allow the pilot to disembark at the New Bedford pilot station. Once the pilot has disembarked, the BTC tugboat/barge unit shall: (1) establish and maintain radio communications with a pilot; (2) establish and maintain radar contact with a pilot until it exits Buzzards Bay, as defined above. If a BTC tugboat/barge unit is unable to comply with the conditions set forth in this subparagraph, it shall notify the Captain of the Port Providence. The requirements set forth in this subparagraph shall not apply to: (1) double hull barges; or (2) empty barges carrying only "clingage." Nothing in this subparagraph shall alter the existing authority of a captain of a BTC tugboat to operate that vessel.

ii. Maintenance of Radio Contact: At all times when a tugboat/barge unit operated by BTC is underway, the individual in charge of the watch will be required to monitor radio communications, via the wheelhouse radio or through the use of a hand-held radio, consistent with applicable federal law and regulations;

iii. Manning of Wheelhouse: At all times when a tugboat/barge unit operated by BTC is underway, the individual in charge of the watch will not leave the wheelhouse without designating another crew member to be present in the wheelhouse;

iv. Navigational Software Record Compliance: BTC will operate all navigational software in a manner that ensures that a record is maintained for ten (10) days of the routes actually traveled by BTC tugboat/barge units. The requirements set forth in this subparagraph shall not apply to (1) double hull barges; or (2) empty barges carrying only "clingage."

B. Compliance Program – Independent Consultant

BTC agrees to establish and maintain an effective compliance program to ensure compliance with the aforementioned special conditions of probation and with the operational areas set forth below in subparagraph ii. The compliance program will include the following parameters:

i. BTC agrees that it will retain, at its own expense, the services of an independent consultant. This individual will be responsible for designing and administering this compliance program. The Defendant agrees to give the consultant full access to all BTC records, employees, facilities and vessels necessary to make a meaningful evaluation of the Defendant's current operations.

Defendant:    BOUCHARD TRANSPORTATION CO.                Page 4 of 7
Case Number: 04-10087-MBB

## ADDITIONAL PROBATION TERMS

ii. BTC timely retained an independent consultant who was approved by the United States's Attorney's Office, and BTC has submitted to the United States Attorney's Office and the United States Coast Guard, a copy of the contract between the consultant and the Defendant which details the scope of the audit. The audit addressed the following areas:

> (1) hiring of mates and captain, including the due diligence performed during the hiring process concerning an applicant's licensing and recency;
> (2) performance evaluations for mates and captains, including new hires;
> (3) the rug and barge watch-standing requirements, radio communications, recency requirements, look-out requirements, manning requirements, proper use of computerized navigational aids and paper charts, preparation of proper voyage plans, and the use of computerized alarm systems to detect deviations from plotted courses;
> (4) oil spill prevention, spill notification and spill response.

The scope of the audit was approved by the United States Attorney's Office and the United States Coast Guard and the Defendant adopted reasonable modifications to the scope of the audit proposed by the United States Attorney's Office and the United States Coast Guard.

iii. The consultant represented that he followed generally accepted environmental auditing techniques, procedures and policies in designing, implementing, and executing the audit, including the reporting of deficiencies and corrective measures;

iv. The consultant prepared a draft report of his findings and recommendations which was furnished to the U. S. Probation Department, the United States Attorney's Office and the United States Coast Guard at the same time it is given to the Defendant;

v. The consultant prepared a final report of his findings and recommendations which the Defendant furnished to the U. S. Probation Department, the United States Attorney's Office, and the United States Coast Guard;

vi. The defendant submitted a written response to the U. S. Probation Office, the United States Attorney's Office and the United States Coast Guard, specifying what actions the Defendant will take to correct any noted deficiencies and regulatory violations;

Defendant:   BOUCHARD TRANSPORTATION CO.  Page 5 of 7
Case Number: 04-10087-MBB

vii. The independent consultant will submit annual reports to the U. S. Probation Department, the United States Attorney's Office and the United States Coast Guard detailing the implementation of the compliance program. The responsibilities of the independent consultant shall terminate when the period of probation is completed or at an earlier time if the Court, upon motion of either party, determines that the independent consultant's services are no longer needed.

C. Corporate Compliance Officer

BTC appointed a compliance officer for BTC, who is experienced in environmental regulations and compliance, and who will be responsible for all federal and state environmental regulatory compliance. BTC provided the U. S. Probation Department, the United States Attorney's Office and the United States Coast Guard with the name and curriculum vitae of the individual who has been designated as the corporate compliance officer.

D. The Natural Resource Damage Assessment

BTC will cooperate fully with Federal, State and local officials in the Natural Resource Damage Assessment process set forth in the Oil Pollution Control Act of 1990, 33 USC Section 2701, et seq. BTC will not withdraw its acknowledgment that it is the Responsible Party as it relates to the oil spill in Buzzards Bay involving BTC that occurred on April 27, 2003 (hereinafter the "Buzzards Bay Oil Spill"), for purposes of this Natural Resource Damage Assessment process.

AO 245B   Judgment in a Criminal Case - D. Massa   (10/01)
Sheet 5, Part A — Criminal Monetary Penalties

CASE NUMBER:   1: 04CR10087-MBB                                              Judgment - Page 6 of 7
DEFENDANT: BOUCHARD TRANSPORTATION CO.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $175.00 | $10,000,000.00 | |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |
| TOTALS | $0.00 | $0.00 | ☐ See Continuation Page |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
   ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.
   ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:       BOUCHARD TRANSPORTATION CO.
CASE NUMBER:     1:04CR10087-MBB

Judgment — Page  7  of  7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

**B**  X  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

**C**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  X  Special instructions regarding the payment of criminal monetary penalties:

   The defendant shall be fined $2,000,000.00 for violation of the Oil Spill Control Act of 1990, 33 U.S.C. Section 1321(b)(3). The fine shall be directed to the Oil Liability Trust Fund pursuant to 33 U.S.C. Section 1321(s) as well as a fine of $8,000,000.00 for violation of the Migratory Bird Treaty Act, 16 U.S.C. Sections 703, 707(a) which shall be directed to the North American Wetlands Conservation Act Fund pursuant to 16 U.S.C. Section 4406(b) to fund eligible wetlands conservation projects. $1,000,000.00 of the fine will be suspended pending the defendant's successful compliance with the conditions of its probation, including those set forth in the plea agreement which was entered on November 18, 2004 in open court. The court strongly recommends that the fine monies paid into the North American Wetlands Conservation Act Fund be used to fund eligible wetland conservation projects in the Buzzards Bay Watershed Area of Massachusetts.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.